```
       IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**KIRK H. DEMEYER**                                             **PLAINTIFF**

       **v.**              **Civil No. 10-5092**

**SHERIFF KEITH FERGUSON;**
**DR. HUSKINS; LT. CARTER;**
**and CAPTAIN ROBERT HOLLY**                                    **DEFENDANTS**

## O R D E R

    Now on this 9th day of September, 2013, the above referenced matter comes on for consideration of the **Report and Recommendation of the Magistrate Judge** (document #59), and the plaintiff's objections thereto. The Court, being well and sufficiently advised, finds and orders as follows:

    1.  The plaintiff, proceedings *pro se* and *in forma pauperis*, brought this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. This matter concerns events that occurred while plaintiff was incarcerated in the Benton County Detention Center (BCDC) from November 12, 2009 to November 23, 2010. Plaintiff claims his constitutional rights were violated in the following ways: he asserts that he was denied medical care; he asserts that he was subjected to unconstitutional conditions of confinement; and he asserts that he was denied access to the courts.

    2.  An evidentiary hearing was held on March 13, 2012 before U.S. Magistrate Judge Marschewski. Judge Marschewski then entered the Report and Recommendation (R&R) now under consideration. The

R&R describes the testimony taken from nine (9) witnesses during the evidentiary hearing, recommends that each of plaintiff's three claims be dismissed, and recommends that judgment be entered in favor of the defendants.

3.  As stated above, the plaintiff has filed objections to the R&R.  In the objections, the plaintiff objects to the R&R's recount of the testimony of certain witnesses and objects to the dismissal of his claims.

The Court will examine each of the plaintiff's claims separately.

### Denial of Access to Medical Care

The plaintiff asserts that his constitutional rights were violated due to the denial of medical care.  The plaintiff's objections with respect to this claim contain neither law nor fact requiring departure from the R&R.  As stated in the R&R, "Demeyer's disagreement with the treatment given is insufficient to give rise to a constitutional violation." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

### Conditions of Confinement

The plaintiff also asserts a constitutional violation based on the conditions of his confinement.  Plaintiff's claim is based on his allegation that he was required to sleep on the floor while incarcerated at the Benton County Detention Center.  The R&R finds that although the evidence shows that the plaintiff was required

to sleep on the floor on an intermittent basis, those facts do not rise to the level of a constitutional violation. In his objections, the plaintiff *again* challenges the accuracy of the activity reports which show the dates on which he was required to sleep on the floor. Plaintiff's conclusory allegations concerning the reports and other objections offer neither law nor fact which departure from the R&R in this regard.

### Access to the Courts

Finally, the plaintiff argues that his constitutional rights were violated because he was prevented from filing a timely post-conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. The evidence shows that plaintiff was aware of the ninety (90) day time period he had in which to filed his Rule 37 petition; that he made two requests for law library access; and, that both of those requests were approved. Plaintiff did not file a motion asking to belatedly file post-conviction relief. Although plaintiff argues, in his objections, that his access was impeded "because of inadequate, ineffective and unmeaningful information to file a motion for extension of time", such conclusory arguments do not support a conclusion that he was denied proper access to the courts – and the objection is overruled.

    4. For the reasons set forth above, the R&R will be approved and adopted as stated.

**IT IS THEREFORE ORDERED** that plaintiff's objections to the R&R (document #64) are **overruled.**

**IT IS FURTHER ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #59) is **adopted.**

**IT IS FINALLY ORDERED** that judgment is entered in favor of the defendants on all claims and plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

                                             /s/ Jimm Larry Hendren
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**